**STATE, EX REL. CLEMENTS, Plaintiff v BABB, ET., Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 4011. Decided April 29th, 1947.

Frank J. Richter, Cincinnati, Jerome Goldman, Cincinnati, for plaintiff.

Hugh S. Jenkins, Attorney General, James A. Bope, Asst. Attorney General, Columbus, for defendants.

## OPINION

By THE COURT

This matter is before this Court upon the demurrer of the defendants claiming a misjoinder of parties defendant. The action is one in mandamus, originating in this Court, in which there appear as parties defendant:

(1) The Chief of the Division of Aid for, the Aged in the Department of Welfare; and

(2) The two members of the State Civil Service Commission of Ohio.

The petition seeks the reinstatement of Owen F. Clements who was removed at the end of a ninety-day probationary period under the Civil Service Law. The position of the plaintiff is that the defendant Civil Service Commissioners, in addition to Karl R. Babb, Chief of the Division of Aid for the Aged,. Department of Public Welfare, are necessary parties in order to give the relator complete relief. It is the contention of the respondents that these Civil Service Commissioners are not necessary parties and that there is therefore a misjoinder of parties defendant.

Sec. 11255, GC, provides the general rule Under Code pleading as to who may be joined as defendants. This section provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

Under the Old Age Division law of Ohio the power of appointment over the employees of the Division of Aid is vested in the Chief thereof by §1359-11 GC. The respondent contends that since it is the duty of only the Chief of the Division to appoint and reinstate, that it is only upon him that the power and duty of reinstatement, if found proper by this Court, is incumbent, and such person is therefore the only proper party defendant. We are not concerned, however, in this case, with the manner of an appointment, but we are concerned only

with a removal after a probationary appointment has been made. The manner in which this may be done is provided for by §486-13 GC, as follows:

"* * * All original and promotional appointments shall be for a probationary period of not to exceed three months to be fixed by the rules of the Commission, and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the appointing officer shall transmit to the Commission a record of the employee's service, and if such service is unsatisfactory, the employee may, with the approval of the Commission, be removed. * * * ."

Now, the Supreme Court of Ohio has decided upon several occasions that in a mandamus action it is proper to join all parties necessary to give the relator complete relief.

In the case of **State, ex rel. v Huwe, et al., 103 Oh St 546,** the relator sought a writ to enforce payment of a claim against the county. In that petition the county auditor and county treasurer were joined with the county commissioners as defendants and a demurrer was filed alleging misjoinder. The Court overruled the demurrer and found that to obtain complete relief the joinder was proper.

Again, in **State, ex rel. Turner v The Village of Bremen, et al., 115 Oh St 510,** the Court held that in a petition in mandamus seeking to enforce payment of a judgment against a village there is a defect of parties not to join as defendants all officials necessary to bring about complete relief; that the relator may join all officers having control of the legal machinery to effect that purpose although they act by separate and successive stages.

In the instant case in order to remove an employee under §486-13, GC, two steps are necessary: (1) The appointing officer shall transmit to the Commission a record of the employee's service: (2) The act of removal must be approved by the Civil Service Commission.

Another case holding to similar effect is **Riegel v State, ex rel. Weaver, 20 Oh Ap, p. 1,** where the Court says in syllabus 3:

"* * * A peremptory writ of mandamus may be allowed against all officials and official boards necessary to give full, adequate and complete relief, and all such officials and boards may properly be joined as parties to the proceeding."

Likewise, in **State, ex rel. v Board of Elections, 3 Oh Ap 190,** the Court held that where a board of elections refused to act by reason of a direction of a secretary of state, even though the secretary of state did not have a right to direct a board of elections in regard to the subject matter, nevertheless the secretary of state was properly joinable as a party defendant in a proceeding in mandamus to require the board of elections to issue a certificate of election, as the relator would have the right to join the secretary of state as a party defendant to obtain ultimate and complete relief.

The respondent has cited several Ohio cases, but we find upon examination the facts are not similar to those of the case at bar.

We, therefore, hold that since action by the Civil Service ■ Commission as required by §486-13 GC is a necessary condition precedent to a probationary removal, and as all parties necessary to obtain complete relief are properly joinable in a mandamus action, that the demurrer should be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

**STATE, EX REL., McLAUGHLIN, Plaintiff, v BABB, ET., Defendants.**

No. 4012.   Decided April 29th, 1947.

**OPINION**

By THE COURT

We find that the same question is raised in this case as in the case of State of Ohio, ex rel. Owen F. Clements v Karl R. Babb, etc., et al., No. 4011, in this Court.

The demurrer will be overruled, and for the reasons for the same, see our opinion in case No. 4011, 48 Abs., Page No. 637.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.